I'm pleased to call your Honor, Dennis Winters, appearing on behalf of Dennis and Katherine Pike, the appellants. Your Honors, first I would like to say that the Pikes and myself would thank the Court for giving the opportunity to present oral arguments, an opportunity that wasn't, we weren't able to have in the district court. Obviously the Pikes have a great concern about this case in terms of this is their family home that's at stake, and they appreciate the fact that we'll have a full hearing. I would initially like to address the Gebhardt decision that was recently issued by the appellate court with respect to the issue, as it relates to this issue, and that was cited by counsel for the appellee, the trustee, in a supplemental notice. That case dealt solely and completely with the issue of appreciation and who is entitled to the appreciation in a bankruptcy case. In that case, the appreciation was found to belong to the estate and not to the debtors. This case that we're dealing with today has no connection to that, because there has never in any time during this entire case or any point or at any level in which the Pikes claim to be entitled to any appreciation. Counsel, as a preliminary matter, why isn't this claim barred by issue preclusion? Your Honor, the issues here are completely separate. That's right. Issue preclusion requires identical issues. These issues are not only not identical, they're contradictory. In a case where you're dealing with an administrative claim, which is different than a claim to leave, but an administrative claim in bankruptcy, you're saying there's estate property here, and the debtors did certain work or the party did certain work which increased the value of that estate property. In a claim that we make here under Section 541, we're saying there was no increase in the value of the property, estate property. The value was entirely ‑‑ What were the underlying facts for both of them? That's what we look at, whether or not the underlying facts were the same. The facts? The administrative claim was based on the fact that there was repayment of the debt owed, right, of the trustees. But the evidence was similar. Yes, Your Honor. But the facts themselves in terms of the ultimate facts are different. Was the legal analysis, however, the same by the bankruptcy court in considering the administrative claim? Wasn't the ‑‑ wasn't the administrative claim before the bankruptcy court not ‑‑ it did not involve the issue of appreciation. It involved expressly what was later involved in the 541 claim, your contribution claim, that is, the payoff of the debts. Yes, but the basis on which the administrative claim was denied is completely different than a basis on which you deny a household. Because an administrative claim, you have to prove, one, that the trustee either expressly or implicitly agreed that, yes, you can provide these services. You have to say that this provided benefit to the estate. You have to prove that the contribution was ‑‑ In other words, the property was underwater anyway, and therefore there's no benefit to the estate. Correct. And the value of the house is going down anyway. You're just trying to save your house. There's no ‑‑ was that the analysis? I mean, I haven't read the bankruptcy court's order in the ‑‑ so you help me, please, and maybe I need to go read it. What was the analysis, and why ‑‑ and how do you answer Judge Rawlinson's question? It involved the same legal question. It wasn't just benefit to the estate. It was your claim in the administrative claim, that we benefited the estate because we paid off the debts. I should warn you that Judge Jones was a bankruptcy judge for a number of years and a member of that. I'm going with that, because I appeared before Judge Jones a couple of times. When he opens his shirt, there's a B. Your Honor, the difference is we're talking about findings, and, yes, Judge Smith in both cases made a finding that the fact that there were corporations involved in here somehow changed the results so that the banks weren't allowed the claim. But she had other bases on which she included that it's a very high burden to allow an administrative claim, that we're not going to allow an administrative claim that takes money away from the creditors, that when ‑‑ unless there's a strong presumption that it is required, that the administrative claim has to benefit the estate. All these things don't apply in the case when we're talking about 541. It's like we're opposing it. What troubles me is I think the same one that troubles Judge Rawlinson probably, Judge Jones, and that is that when I look at the facts in ER 16, 17 and in that range, and then I look at the argument that was made at the time that the administrative order was entered, my sense is that you argued the very same points that you're arguing to us now. Why am I wrong? Your Honor, we argued some of the same points, definitely. No, why isn't it issue of preclusion? I mean, the bankruptcy judge had the facts, pointed out the fact that the Pikes, by the way, I should say, I have great empathy for the Pikes. This is a very sad situation. But we're dealing with a bankruptcy law, and the bankruptcy law, you know, the court made it clear that you had these different entities, but he owns them. He owns all the stock in them. And he kind of viewed it as a kind of a playing a little shell game of who gets this. And so instead of the estate getting the money, he was going to get the money out of this asset. And that's not the way the bankruptcy law works. So I'm having a real struggle disentangling the argument that you made or whoever the counsel was made for the bankruptcy judge at the time of the administrative order and what you're saying here. It's the same. And the facts are the same. I don't see how you get around the issue of preclusion problem. Your Honor, the issue of preclusion problem requires the genital issues, and they were not genital issues. I mean, yes, we argue the same things. We're fighting our head against – we realize that we're fighting our – Genital issues doesn't mean you have to use exactly the same language. You're really talking about did you make the same – were the facts the same as far as the way the assets were laid out? Were the legal issues presented the same? And that's what I'm – I'm having difficulty seeing a difference here. The facts may have been the same or at least similar, but the issues were completely different. Why is that? Because – Pick out one issue that you're arguing here today that you did not argue before the – at the time of the administrative order. The very basis for this appeal, which is that under Section 541A, yes, certain assets that are appreciation from or proceeds of a state property belong to the estate, but there's an exception, the second clause of that, of Section 541A6, which provides specifically that the earnings and the proceeds from earnings of the debtors, postpetition, don't belong to the estate. But I thought you argued that before the bankruptcy judge. I probably did argue that before the bankruptcy judge. Well – But, Your Honor, it was irrelevant to that case, and that was what I said. We were – we were butting our heads against something on that case because it wasn't relevant. But the bankruptcy judge took your argument in which you said, we ought to be able to do this, which is the same thing you're saying now, and said, no, counsel, I disagree with you, and he entered an order which barred you from doing what you want to do. Now you're coming back in a different setting and arguing the same thing, and that's what issue preclusion is all about. So I would ask you again, what specifically did you argue – I don't want it to be you again. If it was you, then I'll say you, but – It was me. It was you, okay. What did you argue at the time of the administrative order hearing that's different than what you are arguing today? I'm talking about specific issues. What's new? Well, I think in the administrative claim, we were again talking about things about whether this increased value of the property for the estate. In the administrative claim, you were saying, we have a claim because the wages I earned I used to pay down the deeds, the trust deeds, and so the estate should pay me back that money because the money, not you, but your client, the money Mr. Pike used to pay down those deeds were a benefit to the estate. Correct. That was the administrative claim. Then under 541, you were arguing that the bankruptcy estate does not own the increase in value that was based on Mr. Pike paying down the loans. It was his personal gain. Correct. So why aren't those two sides of the same coin? Because the question is what belongs to the estate and what belongs to the debtor? In an administrative claim, you're saying all this entire property belongs to the estate except the $75,000. But you're still saying my wages, Mr. Pike is still saying the wages I pay increase the value to the estate, so pay me back basically. You're saying in an administrative claim that, okay, we have an administrative claim, we have priority, and if everybody after the trustee's paid, then we're going to be paid. But that's completely different than saying, trustee, you can't even touch this property because it belongs to me. It's two sides. It's the flip side of the first argument. The second argument is the flip side of the first argument. Correct. So why isn't that issue preclusion? Because in the administrative claim proceeding, we could not bring the 541A. It doesn't matter. It's still the same issue, same facts. Same facts, but not the same issue. It's the flip side. It turns on the same principle, whether or not the wages that were earned by Mr. Pike benefited the estate or not, basically. No, because under 541, we're saying it didn't benefit. It definitely did not benefit. Yeah, you're saying no. Yes, you're saying the answer should have been yes in the first instance, no in the second instance, and the court disagreed with you on both those. But how does that make it a different issue, though? Because we could not appeal the issue of 541 in the administrative claim proceeding. Can I magnify this question a little bit more and get it down to what I'm thinking? This really is a question. I'm thinking Judge Smith made a ruling on it, and basically this ruling was the same in both cases, and that is these really weren't post-petition wages. Your claim was that this other company with which he reached agreement assumed and paid those debts in exchange for what you claim was post-petition effort in making sure that there were these lots available for the pumpkin Christmas tree sales. Right. Judge Smith just didn't see it that way. She didn't see it as post-petition earnings. She didn't see that the major, maybe the consideration really in Judge Smith's mind was simply the sale. The value was goodwill that was there in the sale in corporations that he had at the time he filed bankruptcy. Why wasn't that the same thing, same determination that Judge Smith was making in both issues? Because in the second issue, there's a specific exception in Section 541A6 that says post-petition earnings, and there was no question and there's never been any dispute. So was she not deciding in the administrative claim hearing? I just don't believe you. These weren't post-petition earnings. It was simply a quid pro quo. You will, corporation, you will assume the debts in exchange for our sale to you, the corporation, not in exchange for post-petition efforts. That was in her head at the administrative claim time, and she used estoppel, if you will, claim preclusion in deciding the 541 question because she had reached the same conclusion. I've already decided this was. She may have used the same reasoning to make her findings, but we can't appeal a finding. We can only appeal a ruling, and she never made a ruling in the administrative claim proceeding and could not make a ruling in the administrative claim proceeding on the declaratory leave proceeding. Does the determination have to be appealable in order for there to be issue preclusion on the first? Yes, because it has to be final, and it can't be final until there is a, we can't appeal a finding. There would be no reason whatsoever for us to appeal the administrative claim proceeding because there's all these other provisions, which she cited also in there, regarding whether it would benefit the estate and whether it was appropriate. Do you have any authority for the concept that a non-appealable order in the 1291 sense can't be the subject of issue preclusion? That's a novel theory to me. I'd be interested in your authority. It has to be a final ruling. Well, bankruptcy. What are you looking at? Pardon me? What authority? I believe the Keating case that we cited indicates it has to be a final ruling. You can't have a, you can't appeal a non-final ruling. I understand that, but I'm talking about the issue preclusion. Why can't you have issue preclusion on a non-appealable order? Because if we can't appeal it, we can't get a final decision on it until. But you're going around in circles. It's final as far as the Bankruptcy Court is concerned. Finality is flexible in the bankruptcy context. Do you agree with that, Dianne? Well, it's. Cases say that, whether you agree or not. It's flexible, but, Your Honor, if we're in a position where we think the judge is making the wrong decision at this point and we can't appeal it, the only thing we can do is push to get to the point where we have something that we can't have. But that's a different issue as to whether or not it was final for purposes of issue preclusion. It wasn't revisited. It wasn't changed. It wasn't changed, but, again, it was not something that we could appeal. It was not something that we, was final, and it was not something that was of any reason for us to appeal. All right. We understand your argument. You've used your time. I will give you a minute for rebuttal. At the risk of taking all the wind out of your sails, I need to jump in immediately with what goes to the heart of the committee. Well, if you're going to state his name first and then you can jump in. You can think while you state your name. May it please the Court. Good morning. My name is William Byrd. I am here on behalf of James J. Joseph, the Chapter 7 trustee for the Bankruptcy Estate of the Appellants. Thank you. Mr. Jones. Very attractive to me from Appellants Brief is this argument that we're talking about two totally different issues, administrative claim determination and 541. So the question I have for you is if we were dealing with a third party who literally made a contribution of paying off debts against an estate asset, clearly the bankruptcy court must, in 541 determination, must be receptive to that. And in deciding whether the trustee only has a 50% ownership versus the 50% ownership of someone who contributed pay off of debts against an asset, clearly the court would have to take that into consideration. And the determination is very different in the administrative claim proceeding. That is, if the pay off of debt in an underwater asset does not produce a benefit to the estate, there's no administrative claim. So the determination is very different for those two purposes. What about this case? It means that we should affirm a claim preclusion reason or rationale for denial of what otherwise would be a straightforward process under 541 with a third party contributing money towards an asset. Clearly, the court would have to acknowledge a part ownership in that asset with the trustee. What in this case means that we should affirm claim preclusion? In essence, a reason, a rationale that the judge used for not revisiting the question. In other words, I'm saying that's an attractive argument to me. Why shouldn't it be applied here? Well, first, John, I think it's important that we distinguish between claim preclusion and issue preclusion. And the bankruptcy court granted the trustee's motion for summary judgment based on both. While trying to review, Judge Carter found that claim preclusion did not apply, but that issue preclusion did. That's correct. And affirmed the bankruptcy court's decision. Good point. The critical issue here is the bankruptcy court found that the, let me back up, the liens against the debtor's residence or security for guarantees by the debtors of debts owed by their wholly owned corporations, Sixpikes Corp. and Nullpike Corp. Pre-petition. They weren't deed of trust to secure purchase money or further refinancing. The debtors weren't even the primary obligor. They were simply a guarantor, and it was security for those guarantees of the debts of Sixpikes Corp. and Nullpike Corp., which were the primary obligors. Sixpikes Corp. and Nullpike Corp. entered into an asset sale agreement pre-petition. In return for that, they got a note for $335,000, which actually is unconditional on its face, payable to Sixpikes Corp. And in addition, in the purchase agreement, the buyer agreed to pay off the debts that were owed by Sixpikes and Nullpike that had been guaranteed by the debtors. So the house won't have to answer for the debts. The result is, if the corporation, Sixpikes and Nullpike, pay their debts, then the guarantees are exonerated and the liens are released. You're kind of agreeing with me that what Judge Smith really had in her mind was that this was not a contribution, because I don't agree that this was post-petition earnings or wages, nor was it a contribution in a 541 cents to the price or purchase of an asset. She was, in both proceedings, issued preclusion, quote, unquote, not claim. Basically, what she had in her mind was this was not a post-petition earnings issue. Yes, Your Honor. I believe that's correct. If I could call the Court's attention to, and this is in the appellant's excerpts of the record, Volume 1, under tab 12, at pages 99 and 100, are Judge Smith's findings in connection with the motion for allowance of an administrative claim. And I think most telling and most important are the findings in paragraph 2 and 5 on that, on page 100. And in paragraph 2, Judge Smith found, and I quote, the Court is not persuaded that the release of guarantee liens against debtors' residence through the repayment of debt owed by the primary obligors, Sixpikes and Nelpike, from the proceeds of an asset sale agreement to which neither debtor was a party individually, entitles debtors to an administrative expense claim for the value of the repaid debt. She goes on in paragraph 5 regarding the asserted entitlement to a claim based on funds that the debtors paid or allegedly paid to reduce the liens directly to find that the evidence did not support that claim. I compliment you on having a good grasp of the record and using the record in supporting your argument. I think that's critical in my mind. Thank you, Your Honor. In paragraph 5, the Court stated, and this, again, is regarding the actual amounts allegedly contributed by the debtor, which fluctuated depending upon the pleading that was filed. She states, and I quote, As with the claim for consulting services discussed in paragraphs 3 and 4 above, debtors have also failed to provide adequate evidence substantiating their claim for post-petition mortgage payments and maintenance of the subject property. Of the $135,000 originally claimed for this expense, $40,000 to Southwest Community Bank was paid pre-petition. $60,000, also paid to Southwest, was paid for money received by six pikes from the purchaser. $25,000, paid to Dokay Investments, was paid by six pikes, and no documentation has been presented evidencing the remaining $10,000 asserted to have been paid to Washington Mutual. The Court notes that extensive discovery has apparently not resulted in the production of this critical documentation. With those two findings, the Court found that the primary obligors, six pikes and Nell Pike, paid the debts, their own debts, which they, and I think it's important to note, that the debtor has admitted that six pikes and Nell Pike were insolvent. Under California law, when they became insolvent, as an officer and director, in fact I think the sole shareholder of the two corporations, the debtor owed a fiduciary duty to the creditors of six pikes and Nell Pike to hold the assets of the corporation for the benefit of those creditors  The asset purchase sale agreement is entered into, and in fact money comes in, and the debts of six pikes and Nell Pike are paid, which is what the debtor was obligated to do under state law. The bankruptcy estate, and indeed the pikes individually, are simply an incidental beneficiary because their guarantee is exonerated and the liens are released. So I think with those two findings, whether we get the claim preclusion or not, issue preclusion on those two issues eliminates the claim that's currently asserted before the court. And I think Judge Rawlinson had it right when she said it's really the flip side of the same coin. The evidence submitted by the debtors in support of their motion for summary judgment, because in this adversarial proceeding there were cross motions for summary judgment, the declaration submitted by the debtors in support of their motion for summary judgment was identical to the supplemental declaration submitted by the debtors in support of their motion for an administrative claim. And Judge Smith commented on that in transcript at the hearing, that the evidence is exactly the same. There's no change. So I don't think there's any question that Mr. Pike, to the extent that he performed services for six pikes and Nell Pike, the creditors of six pikes and Nell Pike could not have faulted him had he paid himself a reasonable salary from the corporations. But that's where he was entitled to be paid. There are no post-petition wages at issue here, not regarding the bankruptcy estate. Unless the panel has any questions, I don't want to waste your time. I have nothing further to add. Thank you, counsel. Thank you. We'll give you one minute for rebuttal. First, Your Honor, you asked for the citation regarding the final judgment. I would cite the Resolution Trust v. Keating case, 186F3D1110, which indicates four requirements. One of those is that the issue has to be necessary to support the judgment, and this third issue is that the judgment has to be final. So on that grounds, we could not have appealed the decision with respect to that. Second, I would note that with the counsel's recitation of the findings were preliminary findings and a tentative ruling, which the Court then continued the matter because we had indicated we had not filed all our declarations and all our evidence at that time, and she continued it. She did uphold the same decision afterwards. She incorporated the tentative rulings in the final ruling. But the indications regarding not finding this in the evidence and not finding that in the evidence, the reason she didn't find it is because we had not yet at that point submitted that evidence. I understand. Finally, and there were supplemental declarations filed with respect to the motion on the 541. Finally, Your Honors, I would note that Mr. Pike did perform those services. He worked for three years on those, performing those services. But as opposing counsel points out, he legitimately could have received payment from the corporations. No, but he could have. But he agreed instead that they would instead pay off the trustees that were on his house. That was his basis. But corporations didn't pay. The buyer paid those. Right. The buyer paid those off because he was doing the work. And it's specifically in the agreement that he is going to agree to do this work, that he was going to spend three years helping them maintain these properties. He did that. He did that. That was his compensation. But the bankruptcy judge did not think those were post-petition wages. That was the problem. She didn't. And I believe that's the decision to believe is wrong, because, Your Honors, it was, in fact, his work. He was entitled to compensation for that work. It was specifically in the agreement that he would provide that work, and that the only basis in which they would make those payments was if he performed and got that work done. Understood. Thank you. Thank you to both counsel. The case that's argued is submitted for decision by the court. The next case on calendar for argument is Zanolli v. Raytheon.
judges: Jones, Rawlinson, Smith M.